IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDOLPH SUMMERFIELD,

    Plaintiff,                    No. 2:10-cv-0347 MCE KJN P

    vs.

COUNTY OF SACRAMENTO OFFICE
OF THE PUBLIC DEFENDERS, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

                                   /

          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. On March 17, 2010, plaintiff's complaint was dismissed with leave to amend. Plaintiff has timely filed what the court believes is an amended complaint. Dkt. No. 13.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
8  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
10 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
11 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
12 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
13 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
14 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
15 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
16 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
17 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
18 as true the allegations of the complaint in question, id., and construe the pleading in the light
19 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20 Plaintiff's original complaint sought compensation from the Sacramento County
21 Public Defender's Office because plaintiff's defense attorney did not properly explore plaintiff's
22 mental health problems which presumably led to plaintiff's incarceration.  The court noted that
23 pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff had not demonstrated that his
24 conviction or sentence had been invalidated, expunged or reversed and granted plaintiff leave to
25 file an amended complaint to provide additional information.

26 Plaintiff's amended complaint has not rectified the deficiencies of his prior

2

complaint. Plaintiff indicated that he has abandoned his appeal because he was advised it had no merit and he wished to proceed with a civil suit against the Public Defender's Office. As plaintiff's conviction has not been invalidated or reversed, plaintiff cannot proceed with this action for money damages and this case should be dismissed and closed.

As noted before, in Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties. Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
3  objections shall be filed and served within fourteen days after service of the objections. The
4  parties are advised that failure to file objections within the specified time may waive the right to
5  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: April 7, 2010

9  _____
   KENDALL J. NEWMAN
10  UNITED STATES MAGISTRATE JUDGE

12  summ0347.dism